**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BRYAN SAMUEL,               :      Civil No. 3:26-cv-232

       Plaintiff         :      (Judge Mariani)

   v.                  :

UNITED STATES OF AMERICA,   :
Q. MURPHY,             :

       Defendants     :

## MEMORANDUM

Plaintiff, Bryan Samuel ("Samuel"), an inmate confined at the United States

Penitentiary at Canaan ("USP-Canaan"), Pennsylvania, commenced this Federal Tort

Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* action on February 2, 2026, naming as

Defendants the United States of America and Corrections Officer Q. Murphy. (Doc. 1).

Samuel alleges that his personal property was negligently lost or stolen following an

altercation at USP-Canaan. (*Id.* at 4-5). Presently pending is Defendants' motion (Doc. 15)

to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Samuel failed to respond to

the motion and the time for responding has now passed.[1] Therefore, the motion is deemed

unopposed and ripe for disposition. For the reasons set forth below, the Court will grant the

motion to dismiss.

---

[1]    Samuel was directed to file a brief in opposition to Defendants' motion and was admonished that failure to file an opposition brief would result in Defendants' motion being deemed unopposed. (Doc. 19) (citing M.D. PA. LOCAL RULE OF COURT 7.6).

## I.    Background

Samuel alleges that on February 23, 2025, he was involved in a fight with several inmates in Unit D-1 at USP-Canaan. (Doc. 1, at 4). He asserts that staff members broke up the fight, the Unit was secured, and Samuel was escorted to the Lieutenant's office. (*Id.*). Samuel contends that Corrections Officer Q. Murphy was the reporting and investigating officer, and that it was his duty to follow procedures for handling inmate personal property. (*Id.* at 5). Samuel alleges that Defendant Murphy "fail[ed] to do this" and "breached his duty." (*Id.*). He further alleges that, in breaching his duty, Defendant Murphy caused Samuel's personal property to be "lost, stolen or otherwise disappeared." (*Id.*). For relief, Samuel seeks $5,000 in damages. (*Id.*).

Defendants now move to dismiss the complaint for lack of subject matter jurisdiction. (Docs. 15, 18). Specifically, Defendants argue that Murphy is not a proper Defendant in an FTCA action, and the loss of property claim, alleged to have been committed negligently or wrongfully by a federal corrections officer (who is a law enforcement officer), is barred by sovereign immunity under the FTCA. (Doc. 18).

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In

reviewing a facial challenge under Rule 12(b)(1), the standards associated with Rule 12(b)(6) are applicable. *See id.* In this regard, the court must accept all factual allegations in the complaint as true, and the court may consider only the complaint and documents referenced in or attached to the complaint. In a factual challenge to the court's subject matter jurisdiction, the court's analysis is not limited to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891. If a dispute of material fact exists, "the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 290 (3d Cir. 2006); *see also Berardi v. Swanson Mem'l Lodge No. 48*, 920 F.2d 198, 200 (3d Cir. 1990) (stating that a district court must ensure that a plaintiff has "had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing," to support his claim of jurisdiction (citation omitted)).

## III.    Discussion

### A.    Defendant Murphy

The FTCA, 28 U.S.C. § 2679(b)(1), provides that a suit against the United States is the exclusive remedy for persons seeking recovery for common law torts committed by federal employees within the scope of their federal employment.  *See also* 28 U.S.C. § 1346(b) (governing jurisdiction).  Because the FTCA is a limited waiver of sovereign immunity which extends to the United States, but not to its agencies and employees, the United States is the only appropriate Defendant.  *See CNA v. United States*, 535 F. 3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."); *Feaster v. Federal Bureau of Prisons*, 366 F. App'x 322, 323 (3d Cir. 2010) ("The only proper defendant in an FTCA suit is the United States itself.").  As such, Defendant Murphy is entitled to dismissal on this ground.

### B.    Detention of Goods Exception

The FTCA is a limited waiver of sovereign immunity, which may permit the United States to be sued for "injury or death caused by the negligent or wrongful act or omission of [an employee] of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b); *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 217-18 (2008).

Defendants argue that Samuel's property loss claims are not cognizable under the FTCA because they fall within the "detention of goods exception" to the Act's waiver of sovereign immunity.  (Doc. 18, at 6-9).  This exception is set forth at 28 U.S.C. § 2680(c)

4

and provides that the government's waiver of immunity under the FTCA "shall not apply

to...[a]ny claim arising in respect of the assessment or collection of any tax or customs duty,

or *the detention of any goods, merchandise, or other property by* any officer of customs or

excise or *any other law enforcement officer...*" 28 U.S.C. § 2680(c) (emphasis added).

Here, Samuel alleges that his personal property was negligently handled at USP-

Canaan by Defendant Murphy, a Bureau of Prisons ("BOP") Corrections Officer. (*See* Doc.

1 at 2, identifying Q. Murphy as a Corrections Officer at USP-Canaan). Such handling of

Samuel's property plainly constitutes a "detention of goods" within the meaning of 28 U.S.C.

§ 2680(c). *See Kosak v. United States*, 465 U.S. 848, 854 (1984) (broadly interpreting the

meaning of "arising in respect of...the detention of goods" to apply to storage and negligent

handling of property).

The only question regarding the applicability of the "detention of goods exception" is

whether the phrase "any other law enforcement officer" includes a BOP officer. In *Ali*, 552

U.S. at 226-28, the United States Supreme Court held that the phrase "any other law

enforcement officer" found in the detention of goods exception to the FTCA covers all law

enforcement officers, including BOP officers. Since *Ali*, courts have applied the detention of

goods exception to dismiss FTCA claims alleging that BOP personnel lost or destroyed an

inmate's property. *See, e.g.*, *Gibson v. Sadowski*, 308 F. App'x 580, 582 (3d Cir. 2009)

("the United States Supreme Court has held that claims against corrections officers who are

accused of mishandling an inmate's property fall with the FTCA's exception to the United

5

States' waiver of sovereign immunity") (citing *Ali*, 552 U.S. at 226-28); *Gordon v. United States*, 279 F. App'x 126, 127 (3d Cir. 2008) (upholding dismissal of FTCA claim where federal inmate alleged that BOP personnel confiscated, and either failed to return or destroyed, items of his personal property, "because the United States Supreme Court has recently held that the exception under § 2680(c) broadly applies to all law enforcement officers"); *Feaster v. Fed. Bureau of Prisons*, 366 F. App'x 322, 323 (3d Cir. 2010) ("The United States Supreme Court recently held that claims against corrections officers who are accused of mishandling an inmate's property fall with[in] the FTCA's exception to the United States' waiver of sovereign immunity.").  In accordance with *Ali*, the Court finds that the Defendant Murphy, a BOP Corrections Officer, allegedly responsible for the investigation that resulted in the loss of Samuel's personal property was a "law enforcement officer" under 28 U.S.C. § 2680(c).  Therefore, Samuel's property loss claims fall within the "detention of goods exception" to the FTCA's waiver of sovereign immunity and must be dismissed.  *See Ali*, 552 U.S. at 228 ("[s]ection 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers").

## IV.    Leave to Amend

Before dismissing a complaint, the Court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Here, for the reasons stated above, leave to

6

amend would be futile—Defendant Murphy is not a proper Defendant in an FTCA action, and Samuel's FTCA claim arising from "the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer," 28 U.S.C. § 2680(c), is excluded from the FTCA's broad waiver of sovereign immunity.  Thus, granting Samuel leave to amend would be futile.

## V.    Conclusion

Consistent with the foregoing, the Court will grant the motion (Doc. 15) to dismiss and dismiss the complaint for lack of subject matter jurisdiction.

A separate Order shall issue.


Robert D. Mariani
United States District Judge

Dated: May 19, 2026